**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eldon Guy TRENARY, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Clyde ANDERSON, Defendant-
Appellant.**

**Nos. 72–2637, 72–2694.**

United States Court of Appeals,
Ninth Circuit.

Jan. 5, 1973.

Rehearing and Rehearing En Banc
Denied March 19, 1973.

Roger Curtis McKee (argued), of Powell & McKee, San Diego, Cal., Kevin J. McInerney (argued), of McInerney, Milchen & Frank, San Diego, Cal., for defendants-appellants.

Lyn I. Goldberg, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER, and WRIGHT, Circuit Judges.

PER CURIAM:

In these consolidated appeals from convictions of conspiracy to import marijuana [21 U.S.C. §§ 952, 960, 963], appellants have vigorously argued nine assignments of error which have been carefully considered. We find none to have merit and we affirm.

Appellants and three co-conspirators (whose trial was severed) travelled from Seattle, Washington by automobile to Newport Beach, California where they made plans to obtain and import marijuana. Anderson, Trenary and one McCullough sailed a rented boat to Mexico. Two others in the group drove the automobile from Newport Beach to Punta Bandera, Mexico.

These appellants swam ashore from the sailboat to the Mexican shore where their American car was parked. They were arrested by Mexican police who found several canvas bags, containing 282 pounds of marijuana, on the beach. Upon request of the Mexican police, an American customs officer, Joseph Gonzales, acted as interpreter during the questioning of the appellants. He did not identify himself as an American agent and posed only questions asked by the Mexican officers. The admissions of the appellants were offered and admitted them in the subsequent prosecution.

We dismiss the contention that the confessions were inadmissible because of the lack of *Miranda* warnings, following the lead of the Second Circuit in United States v. Nagelberg, 434 F.2d 585 (2d Cir. 1970), cert. denied 401 U.S. 939, 91 S.Ct. 935, 28 L.Ed.2d 219 (1971). A footnote to that opinion indicated that the *Miranda* rule had no application where the arrest and interrogation were by Canadian officers with an American officer present, there being no showing that the statement was coerced or taken in violation of the laws of Canada.

In United States v. Chavarria, 443 F. 2d 904, 905 (9th Cir. 1971), we said:

"*Miranda* was intended as a deterrent to unlawful police interrogations. When the interrogation is by the authorities of a foreign jurisdiction, the exclusionary rule has little or no effect upon the conduct of foreign po-

**682**

lice. Therefore, so long as the trustworthiness of the confession satisfies legal standards, the fact that the defendant was not given *Miranda* warnings before questioning by foreign police will not, by itself, render his confession inadmissible."

■ The arrest and detention in Mexico was not a joint venture; Gonzales was not acting as an American agent but only as an interpreter. The district judge after a pretrial hearing found that appellants' statements were voluntary. We agree.

■ The district court properly denied appellants' motion for a six-month continuance. They asked for time to take depositions in Mexico but made no adequate showing by affidavit that such testimony would be favorable to the defense, that the witnesses were available or willing to testify. There was no clear abuse of the trial court's discretion. Powell v. United States, 420 F.2d 799 (9th Cir. 1969).

■ Appellants urge that the grand jury proceedings were based on hearsay and should have been recorded and transcribed. Recording is permissive, not mandatory. Fed.R.Crim.P. Rule 6(d). We have held the hearsay argument to be without merit. United States v. Daras, 462 F.2d 1361, 1362 (9th Cir. 1972).

■ The government may not be charged with failure to produce the marijuana and duffle bags which, before trial, had been destroyed by the Mexican police. The destruction made it necessary to admit secondary evidence, as the trial court did. There being no evidence of bad faith or negligence by the United States government, the ruling was proper.

■ Appellants argue that the Southern District of California did not have venue over the conspiracy count because there was no direct proof that the co-conspirators, in driving from Newport Beach to Mexico in furtherance of the conspiracy, passed through that district. Venue may be proved by a preponderance of the evidence and by either direct or circumstantial evidence. Hill v. United States, 284 F.2d 754 (9th Cir. 1960), cert. denied 365 U.S. 873, 81 S.Ct. 908, 5 L.Ed.2d 862 (1961). Judicial notice may be taken of a map of the area and, considering the time factor, the distance covered and the probable source of the marijuana, it was more reasonable than not that the two drove the car along the coast, by the shortest direct route, to reach Mexico.

We have considered appellants' other points and find them without merit. We affirm. Appellants' release on bail is now revoked.