**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Louis Mabry POWELL, Defendant-
Appellant.**

**No. 73-2545.**

United States Court of Appeals,
Ninth Circuit.

April 16, 1974.

Certiorari Denied Oct. 15, 1974.
See 95 S.Ct. 121.

Frank J. Ragen, II (argued), Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

David P. Curnow, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

## OPINION

Before MERRILL and TRASK, Circuit Judges, and GRAY,* District Judge.

TRASK, Circuit Judge.

Powell appeals his conviction for transporting aliens illegally present within the United States, a violation of 8 U.S.C. § 1324(a)(2). Jurisdiction below was predicated upon 18 U.S.C. § 3231; this court has jurisdiction pursuant to 28 U.S.C. § 1291.

On February 23, 1973, at approximately 11:50 p. m., appellant's parked vehicle was approached by a California highway patrolman who had just observed appellant "run" a stop sign and drive on the wrong side of the road "for several car lengths." R.T. at 15–16. Upon the patrolman's request to see appellant's driver's license, appellant stated that he had a temporary license, and began looking for it inside his wallet. The patrolman was shown a traffic citation issued earlier that day for driving without a license. *Id.* at 19. Appellant, upon request, gave the patrolman a license issued in another name, and told the patrolman that the license was "collateral" for a personal loan. *Id.* While appellant continued to look for identification, the patrolman appoached the individual sitting on the passenger side of the vehicle. When asked for identification, the man replied that he had none, that he did not speak English, and that he had been born in Los Angeles in 1946. *Id.* at 20, 42. While conversing with this individual, the patrolman observed a spare tire and jack on the back seat of the automobile. The patrolman returned to the appellant who, while continuing his "search" for identification, began to peruse a notebook that had been inside his pocket. While he was so doing, the officer saw that the notebook contained a list of Mexican names with dollar amounts recorded adjacent to each. Appellant's vehicle was then searched, and five aliens illegally present within the United States were removed from the automobile's trunk.

Appellant's first contention is that insufficient evidence was produced at the trial to support a finding of venue within the Southern District of California. His vehicle was searched and he was arrested some 20 miles within Orange County, California, which is 20 miles within the Central District. We note at the outset that venue, since it may be waived, is not an essential fact constituting the offense charged. Carbo v. United States, 314 F.2d 718, 733 (9th Cir. 1963), cert. denied, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964); Rodd v. United States, 165 F.2d 54, 56 (9th Cir. 1947), cert. denied, 334 U.S. 815, 68 S.Ct. 1070, 92 L.Ed. 1745 (1948), Fed.R.Crim.P. 12(b)(2). Further, venue need be proved only by a preponderance of the evidence, and can be established either directly or circumstantially. United States v. Trenary, 473 F.2d 680, 682 (9th Cir. 1973). A consideration of the circumstantial evidence, including statements of the appellant, supports the conclusion of the trial court that venue was established. Finally, venue may be waived, *Carbo, supra,* and where, as here, the objection was not raised until after the jury had returned its verdict of guilty, we find that waiver did in fact occur. United States v. Jackson, 482 F.2d 1167, 1179 (10th Cir. 1973); United States v. McMaster, 343 F.2d 176, 181 (6th Cir.), cert. denied, 382 U. S. 818, 86 S.Ct. 42, 15 L.Ed.2d 65 (1965); United States v. Polin, 323 F.2d 549, 556–557 (3d Cir. 1963); *see* Gilbert v. United States, 359 F.2d 285, 288 (9th Cir.), cert. denied, 385 U.S.

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

882, 87 S.Ct. 169, 17 L.Ed.2d 109 (1966). A new trial on venue grounds raised after the jury has convicted gives the appellant a second bite at the apple to which he is not entitled under the circumstances here.

■ Appellant argues that the Government should have established the names of the six illegal aliens. The contention is without merit. He stipulated that the aliens found in the automobile were in the United States unlawfully. The Government proved by the highway patrolman that they were being transported by appellant. Nothing in the statute requires identification by name, 8 U.S.C. § 1324(a)(2), and the names add nothing to the proof of the elements of the crime. The mention of the names in the indictment was surplusage not requiring proof. Gawne v. United States, 409 F.2d 1399, 1403 (9th Cir. 1969), cert. denied, 397 U.S. 943, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970).

■ The admission of the defendant's prior conviction for alien transportation was not erroneous. Appellant stipulated to the conviction and the factual situation upon which the conviction was predicated. It was offered to establish criminal intent. Appellant argues that this 1969 conviction should be rendered unconstitutional based upon this court's subsequent decision in United States v. Mendez-Rodriguez, 450 F.2d 1 (9th Cir. 1971). We assume arguendo that *Mendez-Rodriguez* may be applied retroactively and that the use of the prior in the instant case, if the conviction is invalid because of *Mendez-Rodriguez*, would be impermissible. *See* Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319 (1967). Nevertheless, appellant has not demonstrated specifically in what manner his 1969 conviction was infected by the Government practice invalidated by *Mendez-Rodriguez*.[1] Under these circumstances, we decline to upset appellant's prior conviction and hold

that its use in this trial was not improper.

We have carefully considered the other claims of reversible error in the proceedings below and do not find merit in them.

The judgment is affirmed.

---

1. Thus, for example, appellant has not stated that his counsel in the former case was unable to interview the seized aliens prior to

their deportation to Mexico, if, indeed, they were deported.