**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jonathan Bennet KAYTSO,
Defendant–Appellant.**

**No. 87–1203.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 17, 1987.

Decided July 1, 1988.

As Amended March 2, 1989.

David Lee Titterington, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Stanley L. Patchell, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, CANBY and BRUNETTI, Circuit Judges.

CANBY, Circuit Judge:

## INTRODUCTION

Jonathan Bennet Kaytso was indicted and charged with assault in violation of 18 U.S.C. §§ 1153 and 113(f). The assault is alleged to have occurred in Arizona near the border with Utah. At trial the victim could not recall with accuracy the exact location of the crime. The government having failed to establish venue, Kaytso moved, at the close of the government's case, for a judgment of acquittal. The court treated Kaytso's oral motion as one to dismiss and granted it without prejudice to a second indictment. Kaytso was reindicted a week later. The indictment again charged that the assault occurred within the District of Arizona. After oral argument on Kaytso's second motion to dismiss, the court ruled that double jeopardy was not a bar to reindictment.

Kaytso now appeals that order and argues that the second indictment violates the double jeopardy clause of the Fifth Amendment to the Constitution. Alternatively, he argues that the government is barred by collateral estoppel from again attempting to establish that venue was proper in Arizona.[1]

### Double Jeopardy

Kaytso argues that the dismissal of the first indictment for lack of venue was an acquittal and that retrial is therefore barred by the double jeopardy clause. The Supreme Court has held that the double jeopardy clause does not preclude a second prosecution where a defendant successfully moves to terminate proceedings against him on a basis unrelated to factual guilt or innocence. *United States v. Scott*, 437 U.S. 82, 98–99, 98 S.Ct. 2187, 2197–98, 57 L.Ed.2d 65 (1978).

 While venue presents a question of fact and must be proved by the govern-

ment, it is not an essential element of the offense. *United States v. Powell*, 498 F.2d 890, 891 (9th Cir.), *cert. denied*, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974). It is the merits of the action that animate jeopardy concerns, and venue in this regard is wholly neutral, a matter of procedure. *Wilkett v. United States*, 655 F.2d 1007, 1011 (10th Cir.1981), *cert. denied sub nom, Conklin v. United States*, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Thus, the failure to establish venue does not go to guilt or innocence. The defendant in this case has chosen by his motion to terminate the proceedings and so forego a verdict based on the merits. *Scott*, 437 U.S. at 100, 98 S.Ct. at 2198. Under these circumstances, the dismissal cannot be considered an acquittal and so is not shielded by the double jeopardy clause. *See Wilkett* (retrial in another district permitted after dismissal, during trial, for lack of venue).

### Collateral Estoppel

Kaytso next argues that the government is now collaterally estopped from showing that the assault occurred in the District of Arizona. Under the doctrine of collateral estoppel, also known as issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). While the location of the crime was not actually decided in the prior trial,[2] the government had the burden of establishing venue in Arizona and it tried to do so and failed. Collateral estoppel would normally apply in such a situation. *See Kendall v. Overseas Development Corp.*, 700 F.2d 536, 538 (9th Cir.1983). As the district court recognized, the formal elements of issue preclusion were established. *See*

---

1. This interlocutory appeal on double jeopardy grounds is brought pursuant to the *Abney* exception to the final judgment rule. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1976). The collateral estoppel issue is also properly appealed under that exception. *United States v. Cejas*, 817 F.2d 595, 596 (9th Cir.1987).

2. Had it been decided that the crime actually took place in Utah, neither double jeopardy nor collateral estoppel would prevent Kaytso's being prosecuted there. *Wilkett v. United States, supra.*

*United States v. Hernandez*, 572 F.2d 218, 220 (9th Cir.1978).

The district court also ruled, however, that collateral estoppel should not apply in the circumstances of this case, where the defendant sought dismissal of the first indictment on a ground wholly unrelated to factual guilt or innocence. Even when the elements of collateral estoppel are present, the decision whether to apply the doctrine is within the discretion of the trial court. *United States v. Geophysical Corp.*, 732 F.2d 693, 697 (9th Cir. 1984); *In re Gottheiner*, 703 F.2d 1136, 1139 (9th Cir.1983). We find no abuse of discretion here. The victim in this case unexpectedly became confused concerning the location of the crime. The trial judge was not compelled to preclude all further proceedings on that account, by an application of collateral estoppel.

It is true that the doctrine of collateral estoppel is not to be applied so narrowly in criminal cases that it operates unfairly to the accused. *Ashe*, 397 U.S. at 444 & n. 9, 90 S.Ct. at 1194 & n. 9. We find no such unfairness here. The failure of proof at trial was not in regard to any element of the crime or any fact or issue going to the merits of guilt or innocence.

Our decision does not mean that the government is entitled to repeated attempts to establish venue in a series of trials. Requirements of fundamental fairness under the due process clause ultimately control. We do not believe that the limits of due process are exceeded by this single reindictment. *See Hoag v. New Jersey*, 356 U.S. 464. 467–69, 78 S.Ct. 829, 832–33, 2 L.Ed.2d 913 (1958).

### Conclusion

Because the first dismissal was not an adjudication on the merits and because it was within the trial court's discretion not to treat the venue issue as precluded, neither the double jeopardy clause nor collateral estoppel bars reindictment of Kaytso in the District of Arizona.

AFFIRMED.