961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Lucas RAMO, Defendant-Appellant.
 No. 90-10467.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 15, 1992.
Filed Feb. 21, 1992.
Decided May 1, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Lucas Ramo appeals his conviction for possession and distribution of crystal methamphetamine, contending that he was entrapped and that the evidence was insufficient to convict. We affirm.
 
 A. Sufficiency of the Evidence
 
 3
 There was sufficient evidence to convict Ramo. Burks v. United States, 437 U.S. 1, 17 (1978). Officer Pascual testified that he purchased crystal methamphetamine from Ramo on three separate occasions, that Ramo indicated a willingness to engage in repeated methamphetamine transactions, that Ramo was familiar with prevailing market conditions for methamphetamine and negotiated over the price of his methamphetamine sales to Pascual. This testimony was corroborated by the recorded telephone conversations between Ramo and Pascual and also by Ramo's 1988 statement to police admitting that he used and sold methamphetamine, which tended to prove that Ramo was predisposed to commit the charged offenses.
 
 
 4
 In regard to Ramo's "chain of custody" argument, we find that the district court did not abuse its discretion in admitting the methamphetamine in evidence. Ramo cites no evidence of tampering or any reason to believe that the drugs were not properly handled by police or were otherwise not in substantially the same condition as when the crimes were committed. United States v. Kaiser, 660 F.2d 724, 733 (9th Cir.1981).
 
 B. Jury Instructions
 
 5
 The district court did not err in giving an "undercover agent" instruction in conjunction with the entrapment instruction requested by Ramo. Considered as a whole, the jury instructions fairly and adequately covered the issues presented and were not misleading. United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, 111 S.Ct. 210 (1990).[1] Because the undercover agent instruction was expressly conditioned on a lack of entrapment, it was not confusing to the jury and did not serve to divert the jury's attention from the issue of Ramo's predisposition. United States v. North, 746 F.2d 627, 630-31 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). The instruction did not invade the province of the jury because it did not endorse the government's case or instruct that the government's witnesses were to be believed. United States v. Hoyt, 879 F.2d 505, 510 (9th Cir.1989).
 
 
 6
 The district court also did not err in refusing to instruct the jury that knowledge of the quantity of methamphetamine distributed was an element of the offense. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991). Finally, the district court did not err in declining to instruct the jury that venue was an element of the substantive offense. United States v. Kaytso, 868 F.2d 1020, 1021 (9th Cir.1989) (as amended).
 
 
 7
 C. Objections to Evidence from the May 1988 Search
 
 
 8
 To establish Ramo's predisposition to traffic in narcotics, the government proposed to introduce evidence of crystal methamphetamine, marijuana, and drug paraphernalia found during a search of Ramo's house on May 31, 1988. Ramo moved to suppress on the ground that the warrant authorizing the search was invalid. The district court denied Ramo's motion and admitted the evidence pursuant to Federal Rule of Evidence 404(b).
 
 1. Denial of an evidentiary hearing
 
 9
 Ramo argues that the district court erred in refusing to hold an evidentiary hearing on the motion to suppress at which Ramo could have cross-examined Officer Talon about areas of the warrant affidavit that Ramo contends are conclusory. To be entitled to an evidentiary hearing on a suppression motion
 
 
 10
 (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause.
 
 
 11
 United States v. DiCesare, 765 F.2d 890, 894-95 (9th Cir.1985); see also United States v. Perdomo, 800 F.2d 916, 920 (9th Cir.1986) (same). Ramo did not specify to the district court the defects he intended to demonstrate in the warrant, and he did not make a specific offer of proof supported by affidavits. The district court did not abuse its discretion in denying Ramo's requested fishing expedition.
 
 2. Validity of the May 1988 warrant
 
 12
 Ramo argues on appeal that the warrant authorizing the May 1988 search was invalid because it was based on two prior warrantless visual observations that were illegal and because, even if legal, these observations did not establish probable cause for the warrant.
 
 
 13
 In the warrant affidavit, Officer Talon stated that seven marijuana plants were seized at Ramo's residence on August 26, 1987, "during a marijuana eradication operation utilizing the police helicopter." The affidavit does not indicate whether the seizure was made pursuant to a warrant or by consent. Officer Talon also stated that on May 24, 1988, he and another officer received permission from a neighbor to go onto the neighbor's property to obtain a view of Ramo's residence and that they saw a single marijuana plant growing in a large plastic pot in Ramo's back yard.
 
 
 14
 a. The helicopter observation
 
 
 15
 Ramo argues on appeal that the August 1987 seizure of seven marijuana plants from Ramo's house was illegal because it stemmed from a warrantless helicopter search and was not supported by probable cause.
 
 
 16
 In Florida v. Riley, 488 U.S. 445 (1989), the Supreme Court held that naked-eye observations made by police officers from a helicopter circling over the defendant's property at a height of 400 feet were not searches subject to the Fourth Amendment. The plurality relied on the fact that the helicopter had not violated FAA regulations, which specified minimum altitudes for fixed-wing aircraft but not for helicopters. Id. at 451 & n. 3.
 
 
 17
 Ramo's argument rests solely on his assertion--made for the first time on appeal--that the aerial observation was a search because the government failed to demonstrate that it was conducted from an altitude in compliance with FAA regulations. Because Ramo failed to raise this objection to the admission of the evidence in the district court, we review only for plain error. United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 111 S.Ct. 363 (1990). Ramo fails to demonstrate any error. He does not point to a single regulation that was violated, nor does he argue that the helicopter observation was conducted from below 400 feet, that it interfered with his use of his property, or that helicopter flights are so rare in Hawaii that he had a reasonable expectation that his back yard marijuana crop would not be subject to such aerial observations. See Riley, 488 U.S. at 449-50 (discussing these possible objections).
 
 
 18
 b. The ground observation
 
 
 19
 Ramo argues on appeal that the back yard observation was illegal because it was conducted without a warrant. We disagree. Visual observations of a defendant's property from a public place or other legal vantage point are not searches for purposes of the Fourth Amendment. See Riley, 488 U.S. at 449 ("As a general proposition, the police may see what may be seen from a public vantage point where they have a right to be."); United States v. Dunn, 480 U.S. 294, 304-05 (1987) (holding that visual observation into barn from open fields was not a search).[2] What Ramo knowingly exposed to his neighbors is not a subject of Fourth Amendment protection. See Katz v. United States, 389 U.S. 347, 351 (1967).
 
 
 20
 c. Probable cause
 
 
 21
 The May 1988 warrant affidavit reported successive instances of marijuana cultivation at the residence within the same year, and it contained the conclusion of an experienced police officer that implements of marijuana use and cultivation would be found there. The district court properly found that the magistrate had a substantial basis for concluding that the warrant affidavit established probable cause. United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986).
 
 3. Admission under Rule 404(b)
 
 22
 The evidence from the May 1988 search and Ramo's subsequent statement to police was admissible under Federal Rule of Evidence 404(b). In United States v. Simtob, 901 F.2d 799 (9th Cir.1990), we held that evidence of other crimes is admissible to prove intent of predisposition if
 
 
 23
 1) the prior act is similar and close enough in time to be relevant, 2) the evidence is clear and convincing, and 3) the probative value of the evidence outweighs any potential prejudice.
 
 
 24
 Id. at 807. Where entrapment is in issue, similarity of prior drug offenses exists "if the earlier conviction tends to prove that [the] defendant was engaged in illegal operations in some way similar to those charged in the indictment, even if the drugs involved were different." Id.
 
 
 25
 Ramo argues that the court erred in allowing Officer Talon to testify about the evidence of marijuana use or Ramo's statement to police because they related to marijuana, not methamphetamine, and therefore were unduly prejudicial. Ordinarily, a district court's decision balancing the probative value of evidence against its prejudicial effect is reviewed for an abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). At trial, however, Ramo objected to Talon's testimony for lack of foundation but not on Rule 404(b) grounds. R.T. II-647. Thus, we review the trial court's decision only for plain error. We find no error.
 
 
 26
 Officer Talon's testimony concerning the discovery of a small quantity of marijuana in Ramo's house was incidental to his testimony concerning the discovery of crystal methamphetamine in 23 distribution-sized packets, and it was not unduly prejudicial. Ramo's statement to the police that he delivered packets of methamphetamine in exchange for payment clearly described conduct sufficiently "similar" to the distribution offenses for which he was on trial to meet the Simtob test.
 
 D. Other Issues
 1. Tape recorded conversations
 
 27
 Officer Pascual taped his personal and telephone conversations with Ramo. Ramo argues that the district court erred in admitting evidence from these "warrantless electronic intrusions and searches." Ramo's argument is frivolous. Officer Pascual's recording of Ramo's statements to him did not constitute a search. The Fourth Amendment does not protect a defendant's misplaced confidence in persons who later prove to be undercover agents. United States v. White, 401 U.S. 745, 751-53 (1971); United States v. Little, 753 F.2d 1420, 1434-35 (9th Cir.1984). Consequently, there was no error in admitting this evidence.
 
 2. Television coverage
 
 28
 The government's conduct in permitting a television crew to film Ramo's arrest was not "shocking" or "outrageous" and does not require reversal under United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Although Officer Pascual testified that in order to accommodate the waiting film crew he persuaded Ramo to bring the methamphetamine to the Navarette Store parking lot rather than making other arrangements for the sale, there is no evidence that the arrest itself (as opposed to its location) was arranged or "staged" for the benefit of the television cameras.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the standard of review applicable to a district court's decision not to give a requested instruction is somewhat ambiguous in this circuit, see United States v. Slaughter, 891 F.2d 691, 699 (9th Cir.1989), the result in Ramo's case is the same under either the abuse of discretion or de novo standard
 
 
 [2]
 Ramo's argument that the officers' observation was not inadvertent is irrelevant. Inadvertence is not a requirement for application of the plain view exception to the warrant requirement. Horton v. California, 110 S.Ct. at 2301, 2308-10 (1990)