**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

EZEQUIEL FRANCISCO MORAN-
GARCIA,
        *Defendant-Appellant.*

No. 19-50134

D.C. No.
3:18-cr-05210-
BAS-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted March 6, 2020
Pasadena, California

Filed July 23, 2020

Before:  Andrew J. Kleinfeld and Jacqueline H. Nguyen,
Circuit Judges, and William H. Pauley III,[*] District Judge.

Opinion by Judge Kleinfeld

---

   [*] The Honorable William H. Pauley III, United States District Judge
for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

Because venue was not established, the panel vacated a conviction for attempting to enter the United States after having been deported and attempting to enter the United States other than at a place designated, and remanded for dismissal of the indictment without prejudice.

The defendant was among passengers caught in a disguised boat six miles off the California coast. The panel wrote that the location of the putative offense was not within the Southern District of California, which comprises Imperial County (landlocked) and San Diego County, whose western border, as defined by California law, extends three miles into the Pacific Ocean. Observing that proper venue is a constitutional right and a question of fact that the government must prove by a preponderance of the evidence, the panel wrote that the district court could not properly decide venue itself and should have submitted the issue to the jury.

The panel rejected the government's harmlessness argument based on a new theory of venue on appeal—that venue was proper in the Southern District of California under 18 U.S.C. § 3238, which provides that the trial of an offense begun or committed outside any judicial district shall be in the district in which the offender is arrested or *first brought*. The panel explained that when, as here, a court has failed to give a venue instruction to the jury, that error will be viewed

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

as harmless if the evidence viewed rationally by a jury could only support a conclusion that venue existed. Observing that it is not certain and obvious that the agents would have brought their arrestees to the Southern District of California, the panel could not say that no rational juror could have concluded otherwise, considering that the government had the burden of proof.

Because double jeopardy does not apply in the same way to a failure to prove venue as it does to a failure to prove an element of an offense, the panel remanded with instructions to dismiss the indictment without prejudice. The panel wrote that the district court has discretion with regard to collateral estoppel if that is raised in a motion before it.

## COUNSEL

Doug Keller (argued), Federal Defenders of San Diego Inc., San Diego, California, for Defendant-Appellant.

Zachary J. Howe (argued), Assistant United States Attorney; Daniel E. Zipp, Chief, Appellate Section, Criminal Division; Robert S. Brewer Jr., United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

**OPINION**

KLEINFELD, Senior Circuit Judge:

We vacate the conviction and remand for dismissal of the indictment without prejudice because venue was not established.

Ezequiel Francisco Moran-Garcia was among the passengers caught late at night six miles off the California coast in a small, disguised boat. He was indicted for attempting to enter the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b), and for attempting to enter the United States other than at a place designated, in violation of 8 U.S.C. § 1325. The indictment alleged that these offenses had occurred "within the Southern District of California."

Before trial, the government argued that the district court should take judicial notice that the Southern District of California extended twelve miles out to sea and so instruct the jury. The evidence at trial established that Moran was apprehended six miles off the coast, within sight of the lights of San Diego. San Diego is within the Southern District of California. At the conclusion of the government's evidence, defense counsel moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal based on insufficient evidence of venue. Defense counsel argued that the Southern District extended only three miles out to sea, not twelve, so the government had failed to prove that the offense was committed within the Southern District. The district court denied the motion, accepting the government's argument that the location where the boat was captured was within the Southern District. The court then ruled that no jury

instruction on venue was appropriate because, in its view, venue was not a question of fact for the jury but instead a legal question that it had already decided by denying defense counsel's Rule 29 motion.

The government attorney gave bad counsel to the district court. Defense counsel was correct, and the court erred by taking the question from the jury. The Southern District of California as defined by Congress "comprises the counties of Imperial and San Diego."[1] Imperial County is landlocked, so only San Diego County matters to this case. "The territorial sea of the United States . . . extends to 12 nautical miles,"[2] but that is not true of the Southern District of California. California law defines the western border of San Diego County as extending "to a point three English miles [into the] Pacific Ocean."[3] Thus it is beyond debate that the location of the putative offense was within the territorial waters of the United States but was not within the Southern District of California.

Controlling circuit law establishes that, although venue is not an element of the offense, nevertheless "it must still be proved by the government at trial."[4] "Venue is a question of fact that the government must prove by a preponderance of

---

[1] 28 U.S.C. § 84(d).

[2] Proclamation No. 5928, 54 Fed. Reg. 777 (Dec. 27, 1988).

[3] Cal. Gov't Code § 23137.

[4] *United States v. Jensen*, 93 F.3d 667, 669 n.2 (9th Cir. 1996) (citing *United States v. Kaytso*, 868 F.2d 1020, 1021 (9th Cir. 1988)).

the evidence."**⁵**  It is a jury question.  "[N]ormally it is not for the court to determine venue" and "it is error to not give a requested instruction on venue."**⁶**  Venue is "part of the bedrock of our federal system,"**⁷** and proper venue is a "constitutional right," "not a mere technicality."**⁸**  The district court therefore could not properly decide venue itself and should have submitted the issue to the jury.  The district court could not properly take judicial notice that the location where the boat was captured fell within the Southern District of California, since it did not.

The government argues a new theory of venue on appeal, one it did not urge at trial.  Its new argument is that venue was proper in the Southern District of California under 18 U.S.C. § 3238, which provides that the trial of an offense begun or committed outside any judicial district "shall be in the district in which the offender . . . is arrested or is *first brought*."**⁹**  The government argues that a rational juror could

---

**⁵** *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012) (citing *United States v. Casch*, 448 F.3d 1115, 1117 (9th Cir. 2006)).

**⁶** *Lukashov*, 694 F.3d at 1112 (citing *Casch*, 448 F.3d at 1117).

**⁷** *Casch*, 448 F.3d at 1117.

**⁸** *Lukashov*, 694 F.3d at 1119; *see also* U.S. CONST. art. III, § 2, cl. 3.

**⁹** 18 U.S.C. § 3238 (emphasis added).  18 U.S.C. § 3238 reads in full:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into

have found it more likely than not that Moran was first brought to the Southern District of California. Therefore, the government claims, the errors of taking venue away from the jury and deciding the issue on an erroneous theory were harmless. This argument is colorable because, as we have held, error in taking venue away from the jury, though of "constitutional magnitude, . . . is not structural," and is "consequently susceptible of harmless error analysis."[10]

The government would thus have us apply the usual test for insufficiency of evidence: whether "*any* rational juror" could have concluded that Moran was "first brought" to the Southern District of California.[11] This would be the correct test if the jury had concluded that venue was proper, but it is the wrong test for harmless error in this case where the question was not put to the jury and the jury made no determination.

"[W]hen a court has failed to give a venue instruction to the jury, that error will be viewed as harmless if the evidence viewed rationally by a jury could only support a conclusion that venue existed."[12] Thus, the test for harmless error is not

---

any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

[10] *Casch*, 448 F.3d at 1117.

[11] *United States v. Nevils*, 598 F.3d 1158, 1166 (9th Cir. 2010) (en banc).

[12] *Lukashov*, 694 F.3d at 1120.

whether "*any* rational juror" could have concluded that Moran was first brought to the Southern District of California, but rather whether the evidence, had it been viewed by a rational jury, could *only* have led to that conclusion. This is a kind of converse of the sufficiency of the evidence test applicable where a jury has made a determination: Instead of asking whether a rational juror could have reached the conclusion, we ask whether a rational juror could have rejected the urged conclusion. Applying the correct test, the government has not established harmlessness of the error.

Sometimes "proof of venue may be so clear that failure to instruct on the issue is not reversible error."[13] In this case, though, the proof was not so clear. No witness testified to where Moran was first brought. The question was not asked. Government testimony established only that the boat was apprehended six miles offshore within sight of the lights of San Diego, and that the government's marine interdiction unit agent, who testified to the capture, was based in San Diego.

Venue, like most facts, can be proved as effectively by circumstantial evidence as by direct evidence.[14] The government argues that this case is like *United States v. Trenary*, where we held the jury could infer that the defendants passed through the Southern District of California based on their drive from Newport Beach, California, to

---

[13] *Casch*, 448 F.3d at 1118 (quoting *United States v. Martinez*, 901 F.2d 374, 376 (4th Cir. 1990)).

[14] *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974).

Punta Bandera, Mexico.[15] But this analogy is poor. In *Trenary*, the smugglers driving from Newport Beach—on the coast in the Central District of California—to Punta Bandera—on the Baja California coast southwest of Tijuana—would almost certainly have passed through the Southern District of California.[16] But in the case before us, it is nowhere near so certain and obvious that the agents would have brought their arrestees to the Southern District of California. Though a rational juror could have so inferred, we cannot say that no rational juror could have concluded otherwise, considering that the government had the burden of proof.

Had they been instructed on venue, the jurors could have rationally concluded that, since no agent was asked where Moran was first brought, and it was within the power of the prosecutor to ask, that the agents did not know. Jurors might have rationally inferred from the absence of easily available evidence, as jurors often do, that if the government did not present evidence that Moran was first brought to San Diego, and had the burden of proving it, he probably was not brought there. The evidence demonstrated that the agents patrolled from San Diego all the way north to San Francisco. The agents did not testify that they stopped patrolling as soon as they caught an offender to bring him or her in, so a juror might have inferred that the agents likely continued their patrol north, at least until their boat was too full to continue.

The government urges that we reach a contrary conclusion based on two documents that were not introduced

---

[15] 473 F.2d 680, 681–82 (9th Cir. 1973) (per curiam).

[16] *Id.* at 682.

at trial. This argument is hard to understand, since rational jurors could not have drawn an inference from evidence never presented to them. Nor are the documents much help. The government says that Moran neither does nor could raise any actual doubt as to venue, perhaps suggesting that Moran could not have proved that he was not first brought into the Southern District. But this is irrelevant, since the burden of proof was and is on the prosecution. The documents are of limited force regardless.

One is the presentence report, which did not exist until after the trial and was under seal. Jurors never see these. The presentence report says that Moran and the other illegal aliens caught "were turned over" to border-protection agents at Point Loma Naval Base in San Diego. But the probation officer who wrote the report had no personal knowledge of this fact, and therefore must have been relying on what the prosecutors or agents told him, or assumed it, since this fact was of no importance to the sentencing recommendation.

The other document is an internal memorandum from one interdiction agent in the agency to another saying that the aliens on the boat "were transported to U.S. Naval Base Point Loma [in San Diego] for further inspection" and then "transported by U.S. Border Patrol Agents to the San Clemente Border Patrol Station for processing" and "arrested" at the dock in San Clemente. This document was submitted during motion practice but not at trial. No juror could have inferred anything from it, never having seen it. San Clemente, where Moran was arrested, is in the Central District of California, not the Southern District of California. Since the statute says venue "shall be in the district in which

the offender . . . is *arrested* or is first brought,"[17] had jurors seen this document, it might have added to their uncertainty. Neither they nor we, from what evidence was presented at trial—and even what was not presented at trial but has been put before us—would know from the record why Moran was arrested in the Central District of California rather than in the Southern District.

Venue is not an element of the crime.[18] Unlike an element, it need not be proved beyond a reasonable doubt.[19] But venue does need to be put to the jury, and proved by the government, albeit only by a preponderance of the evidence.[20] Neither was done here, and the evidence viewed rationally by a jury would not necessarily support the conclusion that venue lay in the Southern District of California. The errors, not being harmless under the applicable standard, require that Moran's conviction be vacated.

The parties agree that the case should be dismissed upon remand if we do not deem the error to have been harmless. They differ on whether dismissal should be with or without prejudice. Citing *Kaytso*, we noted in *United States v. Ruelas-Arreguin* that in the absence of a request by the

---

[17] 18 U.S.C. § 3238 (emphasis added).

[18] *Jensen*, 93 F.3d at 669 n.2.

[19] *Lukashov*, 694 F.3d at 1120.

[20] *Id.*

defendant for transfer to a proper venue, the indictment should be dismissed without prejudice.[21]

Generally, under the Double Jeopardy Clause, the government does not get a second trial to prove what it failed to prove by sufficient evidence in the first trial.[22] But double jeopardy does not apply in the same way to a failure to prove venue as it does to a failure to prove an element of an offense. Unlike the typical reversal for sufficiency of the evidence, the missing evidence here did not go to guilt or innocence; that is, it had nothing to do with whether the defendant did or did not do the criminal acts alleged in the indictment. We held in *United States v. Kaytso* that double jeopardy does not bar a conviction where the defendant was re-indicted after dismissal of the first indictment based on the government's failure to prove venue in the first trial.[23] The reason was that "[w]hile venue presents a question of fact and must be proved by the government, it is not an essential element of the offense," and "failure to establish venue does not go to guilt or innocence."[24] Dismissal of the first indictment "cannot be

---

[21] *United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 n.1 (9th Cir. 2000). Our attention has also been drawn to *United States v. Lozoya*, 920 F.3d 1231 (9th Cir. 2019), but that case has been taken en banc and has no effect on this decision. Nor could it have an effect, since the case does not modify the rule of *Kaytso* and *Ruelas-Arreguin*.

[22] *See United States v. Scott*, 437 U.S. 82, 87 (1978).

[23] *Kaytso*, 868 F.2d at 1021.

[24] *Id.*

considered an acquittal and so is not shielded by the double jeopardy clause."**[25]**

The decision whether to apply the doctrine of collateral estoppel, urged by the defense, is within the discretion of the trial court, but retrial is not necessarily barred and requirements of fundamental fairness ultimately control.[26] Retrial was allowed in *Kaytso* even though venue was put to the jury, and the government's witness could not remember the exact location where the crime occurred.[27]  Moran's case for collateral estoppel here is weaker than in *Kaytso* because the factual question was never put to the jury, so retrial would not upset a jury determination of a fact.

Accordingly, we vacate Moran's conviction, and remand with instructions for the district court to dismiss the indictment without prejudice.   The district court has discretion with regard to collateral estoppel, in accord with the guidance in *Kaytso*, if that is raised in a motion before it.

**VACATED and REMANDED**.

---

[25] *Id.*

[26] *Id.* at 1022.

[27] *Id.* at 1021–22.