NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30138 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00103-SPW-1 |
| v. | |
| TERRANCE TYRELL EDWARDS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 7, 2020**
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,***
District Judge.

Terrance Edwards challenges the validity of his convictions related to sex

trafficking. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

**1.** The district court did not commit plain error by instructing the jury that the use of the internet, a cell phone, or a hotel room necessarily has at least a *de minimis* effect on interstate commerce, as required for conviction under 18 U.S.C. § 1591(a). Even if the instruction was erroneous, the error did not affect Edwards' substantial rights. The jury heard evidence that Edwards traveled between multiple states in connection with his sex trafficking activities, and that as he did so, he booked hotels in which his victims worked and used his cell phone and computer to post ads for their services on the internet. Edwards has therefore not established a reasonable probability that the alleged error affected the outcome of his trial. For the same reason, we reject Edwards' sufficiency of the evidence challenge to this element of the offense. The jury heard more than adequate evidence to find at least a *de minimis* effect on interstate commerce. *See, e.g.*, *United States v. Sutcliffe*, 505 F.3d 944, 952–53 (9th Cir. 2007); *United States v. Dela Cruz*, 358 F.3d 623, 625 (9th Cir. 2004).

**2.** *Rehaif v. United States*, 139 S. Ct. 2191 (2019), is not clearly irreconcilable with our prior decision in *United States v. Taylor*, 239 F.3d 994 (9th Cir. 2001). *Taylor* held that a conviction for sex trafficking a minor, 18 U.S.C. § 2423(a), does not require the defendant to know the victim's age. *Taylor*, 239 F.3d at 997. Although *Rehaif* states that the term "knowingly" is "normally read" to apply to each element of a crime, *Rehaif* does not present this principle as a

hard-and-fast rule—let alone a rule that courts must follow even when there are good reasons not to, as we held in *Taylor* for § 2423(a). *See Rehaif*, 139 S. Ct. at 2196. *Taylor* remains binding precedent.

**3.** The district court did not commit plain error in its instructions to the jury regarding the definition of an "attempt." Although the instructions regarding obstruction of a sex trafficking investigation, 18 U.S.C. § 1591(d), and tampering with a witness, 18 U.S.C. § 1512(b)(1), did not require a finding that the defendant took a "substantial step" towards the culpable acts, any error in these instructions did not affect Edwards' substantial rights. The jury heard extensive evidence that after his arrest, Edwards contacted multiple victims by phone and Facebook to try to stop them from cooperating with law enforcement. Given this evidence, Edwards has not established a reasonable probability that the alleged error affected the outcome of his trial.

**4.** With respect to Edwards' conviction for interstate sex trafficking, 18 U.S.C. § 2421(a), sufficient evidence supports the jury's finding that Edwards transported victim A.T. across state lines. Transportation under § 2421(a) does not require that the defendant operate the vehicle that transports the victim, or even that the defendant accompany the victim; it requires only that the defendant arrange the trip. *See Taylor*, 239 F.3d at 996–97. The jury heard testimony that Edwards rode in a car with A.T. from Washington to Montana and that this trip

was arranged by Edwards for the purpose of engaging A.T. in prostitution. This evidence was sufficient for the jury to find that Edwards transported A.T. under § 2421(a).

5. Edwards has waived his right to challenge trial venue with respect to the count for distribution of marijuana because he did not raise this issue until after the jury reached a guilty verdict. *See United States v. Powell*, 498 F.2d 890, 891–92 (9th Cir. 1974).

6. The district court did not commit plain error by admitting into evidence Facebook messages between Edwards and victim S.E., as any error in admitting these messages did not affect Edwards' substantial rights. With respect to Edwards' message to S.E., even though S.E. was not named in the counts for obstruction and tampering, there was ample evidence of similar conduct towards the named victims, as noted above. With respect to S.E.'s reply, although S.E.'s message may have been hearsay, S.E. was subject to cross-examination about its contents. S.E. also testified at length about Edwards' psychological and physical abuse, describing in detail many of the same facts referred to in S.E.'s message. Given this testimony, Edwards has not shown a reasonable probability that admission of S.E.'s reply affected the outcome of his trial.

7. The district court did not abuse its discretion in admitting into evidence Edwards' prior conviction for promoting prostitution. Edwards argued in his

defense that he was helping his victims run their own, non-sexual escort services for their benefit. The trial court properly applied Rule 404(b) of the Federal Rules of Evidence and decided that the prior conviction was probative of his intent to commit the charged crimes.

Evidence of Edwards' prior charge for failure to register as a sexual or violent offender was introduced inadvertently on the same document that presented Edwards' prior conviction. The government concedes that evidence of the prior charge should not have been admitted. However, the prior charge was not mentioned in Edwards' motions in limine, and Edwards did not object to this evidence at trial. Admission of this evidence did not affect Edwards' substantial rights. Neither side ever referred to the prior charge during the trial, and there is no indication in the record that it factored into the jury's deliberations. Thus, Edwards has not shown a reasonable probability that this error affected the outcome of his trial.

**AFFIRMED.**