**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZONIA WRIGHT,

    Defendant - Appellant.

</td><td>

No. 23-2125

D.C. No.
4:21-cr-01041-RCC-AMM-2

MEMORANDUM*

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted October 23, 2024
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Defendant-Appellant Zonia Wright was convicted of one count of conspiracy

to commit money laundering, in violation of 18 U.S.C. § 1956(h), for her role in a

lottery scam. She challenges her conviction based on lack of venue. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

In criminal cases, we review de novo whether venue was proper. *United States*

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*v. Lozoya*, 982 F.3d 648, 650 (9th Cir. 2020). We also review de novo the denial of a Federal Rule of Criminal Procedure 29 motion for acquittal. *United States v. Gonzalez-Diaz*, 630 F.3d 1239, 1242 (9th Cir. 2011). In doing so, we "consider the evidence presented at trial in the light most favorable to the prosecution," and then ask whether the evidence is "sufficient to allow any rational juror to conclude that the government has carried its burden of proof." *United States v. Nevils*, 598 F.3d 1158, 1164, 1169 (9th Cir. 2010) (en banc). When a jury determines whether the facts establish venue, the "usual test for insufficiency of evidence" applies. *See United States v. Moran-Garcia*, 966 F.3d 966, 969–70 (9th Cir. 2020).

Wright argues that the Government did not present any evidence that connected her to Arizona to properly satisfy venue under 18 U.S.C. § 1956.[1] As relevant here, the statute authorizes venue in any district "where an act in furtherance of the . . . conspiracy took place." 18 U.S.C. § 1956(i)(2). This rule applies even if "an overt act is not a required element of the conspiracy offense." *Whitfield v. United States*, 543 U.S. 209, 218 (2005) (analyzing 18 U.S.C. § 1956(i)). The Government must prove venue by a preponderance of the evidence. *Moran-Garcia*, 966 F.3d at

---

[1]The Government concedes that the venue defect was not facially apparent and that Wright's venue challenge was timely. *See United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (good cause exists for waiting to raise a venue challenge until a Rule 29 motion if there is no venue defect apparent on the face of the indictment).

969.

We conclude that a rational juror could have found that it was more likely than not that Wright's co-conspirator committed an overt act in Arizona by calling someone located in Arizona with the intent to lure them into the scheme. *Id.* at 970; *see United States v. Lucas*, 101 F.4th 1158, 1164 (9th Cir. 2024) (defining preponderance of the evidence as "more likely than not" (quoting *United States v. Kilby*, 443 F.3d 1135, 1141 (9th Cir. 2006))). The Government's theory of venue relied on co-conspirator testimony and evidence of purchased "lead list[s]" that contained thousands of names and phone numbers of potential victims across the country. One of Wright's co-conspirators testified that every number on the lists was called because the lists were purchased at great cost. The lists that the Government introduced into evidence contained approximately 275 phone numbers belonging to people who live in Arizona.

Under our case law, one call placed in furtherance of a conspiracy can be an overt act to satisfy venue. We have held that making a phone call related to a conspiracy can be enough to create proper venue in the recipient district, akin to the act of mailing a letter into a district. *Smith v. United States*, 92 F.2d 460, 461 (9th Cir. 1937). We have also upheld a jury's finding that a co-conspirator's unanswered call and message constituted one of many overt acts in furtherance of a conspiracy. *See United States v. Kiriki*, 756 F.2d 1449, 1450, 1452–53 (9th Cir. 1985). And we

have agreed with the Second Circuit's conclusion in *United States v. Rommy* that the key inquiry is whether the conspirator used the call to further the conspiracy because then "the conspirator effectively propels not only his voice but the scheme itself beyond his own physical location into that of the person with whom he is speaking." *United States v. Gonzalez*, 683 F.3d 1221, 1226 (9th Cir. 2012) (quoting *Rommy*, 506 F.3d 108, 122 (2d Cir. 2007)).

Whether a member of the conspiracy called and connected with someone in Arizona in furtherance of the lottery scam was a factual question presented to the jury. *Moran-Garcia*, 966 F.3d at 969. Wright has not persuasively shown that the jury's finding that venue was proper was not supported by substantial evidence. *See United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010) ("The hurdle to overturn a jury's conviction based on a sufficiency of the evidence challenge is high."). Thus, we affirm the district court's denial of Wright's motion for acquittal for lack of venue.

**AFFIRMED.**