# CHARLESTON.

## STATE v. DAVE PRIDEMORE.

Submitted March 20, 1923.  Decided March 27, 1923.

CRIMINAL LAW—*Liquor or Other Evidence of Possession of Liquor, Secured By Unlawful Search of Home of Accused Inadmissible.*

> Where defendant is charged with unlawfully having "moonshine liquor" in his possession, if the liquor or evidence of defendant's possession thereof, has been secured by the forcible search of his home, without search warrant or other legal process, neither the liquor so obtained nor the evidence of the possession thereof so acquired is admissible against him in a prosecution for the alleged offense.

Error to Circuit Court, Mingo County.

Dave Pridemore was convicted of unlawfuly having in his possession one-half gallon of moonshine liquor, and he brings error.

*Reversed and remanded.*

*Thomas West,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General and *W. G. Brown, Prohibition Commissioner,* for the State.

LITZ, JUDGE:

Defendant was tried and convicted by a jury in the circuit court of Mingo county on the 24th day of January, 1922, under an indictment found at the July, 1921, term of that court, charging him with unlawfully having in his possession one-half gallon of "moonshine liquor". The judgment of the court entered on the verdict of the jury, February 9th, 1922, imposes on the defendant a term of confinement in the county jail,—at hard labor on the county road,—for thirty days, and payment of a fine of $100.00 and costs. To that judgment the defendant prosecutes this writ of error.

· The defendant was tried in his absence without having plead to the indictment, or any plea being entered for him.

His counsel, however, appeared and cross-examined the State's witnesses, and defendant was present when the court pronounced .sentence. The overruling of the demurrer to the indictment, trial of the defendant in his absence, and refusal of the court to strike out the evidence of the State and direct a verdict of not guilty, are assigned as errors.

The indictment is defective for failing to allege the venue of the crime, but the record fails to show that a demurrer thereto was interposed. No evidence was offered for the defendant, and the only evidence presented by the State was the testimony of J. C. Ward and Robert A. Brown, members of the public safety department, to the effect that on the night of July 2d, 1921, about eleven or eleven-thirty o'clock, they, without search warrant or other legal process, and with no other purpose than to discover intoxicating liquors, went to the home of the defendant in the city of Williamson, forcing their entrance thereto, and after searching the same, found a half gallon of ''moonshine liquor'' in one of the rooms of the house.

This Court has held in the cases of *State* v. *Wills,* 91 W. Va. 659, 114 S. E. 261, and *State* v. *Andrews,* 91 W. Va. 720, 114 S. E. 257, in each of which the defendant was charged with unlawfully having in his possession moonshine liquor, that evidence obtained in such manner is illegal, and its use against the defendant would violate Sections 5 and 6 of Article XIII of the State Constitution. Section 5 provides in this connection, that no person shall ''in any criminal case, be compelled to be a witness against himself.''

Section 6 says: ''The rights of the citizens to be secure in their houses, persons and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized.''

In the Wills case the liquor was taken from the person of the defendant by the officer arersting him without a warrant or other legal justification; and in the Andrews case the liquor was found by the officers forcibly searching de-

fendant's home   without   a   search warrant or other legal process.

It follows that the motion of defendant to exclude the evidence of the State and direct a verdict of not guilty should have been sustained.

As the indictment will have to be dismissed in the event of demurer thereto on remand of the case, it is unnecessary to consider other questions raised on this writ of error. The judgment of the circuit court will be reversed, the verdict of the jury set aside, and new trial awarded.

*Reversed and remanded.*