## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Danielle T. Hilling,**
**Petitioner Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0131** (Monongalia County 09-C-390)

**Lori Nohe, Warden**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danielle T. Hilling, by counsel John B. Brooks, appeals the dismissal of her petition for writ of habeas corpus. Respondent Lori Nohe, Warden, by counsel Scott E. Johnson, filed her response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a twenty-four year old mother of two with an eighth grade education when she met the co-defendant, Hason Cleveland, in 2004. Petitioner was employed by Mr. Cleveland, and they also had a personal relationship. Respondent states that the two were involved in a drug selling operation, and the drug money was petitioner's only source of income. Petitioner claims that she feared Mr. Cleveland based upon past threats of physical abuse and death. However, respondent asserts that petitioner had threatened the victim, Ebony Brown, regarding Ms. Brown's relationship with Mr. Cleveland.

Petitioner contends that on December 31, 2005, Mr. Cleveland instructed her to pick him up so they could locate a rental car being operated by Ms. Brown. They located Ms. Brown, and Mr. Cleveland proceeded to chase Ms. Brown through a gas station parking lot into the store where there was some type of altercation that prompted the store clerk to call 911. There was another altercation at Mr. Cleveland's apartment that night, during which petitioner claims Ms. Brown threatened her and her sister, Nina Jefferson, with knives. Petitioner claims that Mr. Cleveland followed Ms. Brown down the hall; she and Ms. Jefferson then reportedly heard a shot and Mr. Cleveland cursing and saying that he had killed her. Respondent, however, claims that petitioner was the one who killed Ms. Brown.

Petitioner, Mr. Cleveland, and Ms. Jefferson then disposed of the gun in the river before returning to Mr. Cleveland's apartment to clean up the apartment and wrap up the body. Petitioner and Mr. Cleveland placed Ms. Brown's body in a box that was loaded into a car.

1

Petitioner claims there was a full can of gasoline in the trunk of that vehicle. They drove to property owned by petitioner's cousin, Margaret Jefferson, at 42 ½ Snowy River Road where they dug for approximately one hour before putting sticks in the hole and lighting a fire. They rolled the box with Ms. Brown's body into the fire, allowing it to burn for a couple of hours and then covering the fire with dirt. Petitioner claims that the next day, the body was placed in a fire in a second hole and that Mr. Cleveland then took an ax to the body.

On January 24, 2006, the police obtained a search warrant for 131 Springfield, Apartment B in Monongalia County. The affidavit and complaint for the search warrant states that petitioner was near 42 ½ Snowy River Road and was observed engaging in burning unknown matter or rubbish. The investigation led to the discovery of an unknown deceased female buried in the area where burning had occurred near 42 ½ Snowy River Road. Based on that information, police obtained a warrant for 131 Springfield Avenue, Apartment B, where it was believed petitioner lived.

Following a six-day trial, on April 24, 2007, petitioner was convicted by a jury of first degree murder without a recommendation of mercy. She was sentenced to serve life without the possibility of parole in the West Virginia State Penitentiary. She was also found guilty of conspiracy to commit murder and sentenced to not less than one nor more than five years in the State Penitentiary for that crime. The sentences are to run concurrently. Post-trial motions were filed shortly thereafter related to Rule 404(b) evidence and a motion to suppress evidence seized from various locations. Petitioner filed a direct appeal in 2008 on the following grounds: (1) prejudicial statements by the prosecutor; (2) insufficient evidence; (3) impermissible statements by co-defendant's counsel during closing argument; (4) refusal of continuance; (5) various errors in evidentiary rulings; and (6) refusal to bifurcate the issues of guilt and mercy. This Court denied that Petition for Appeal on May 22, 2008 in *State v. Hilling*, Appeal No. 080281.

Petitioner filed a petition for writ of habeas corpus in circuit court setting forth seven grounds: (1) refusal of continuance; (2) constitutional errors in evidentiary rulings; (3) prejudicial statements by the prosecutor; (4) sufficiency of the evidence; (5) refusal to bifurcate the issues of guilt and mercy; (6) failure of the trial court to strike a biased juror; and (7) impermissible statements by co-defendant's counsel during closing argument. The circuit court reviewed the petition, the record, and other relevant documents, and denied petitioner's claims by order dated September 21, 2011. The circuit court did not conduct a hearing, stating that no evidentiary hearing was required pursuant to West Virginia Code § 53-4A-7(a). In its order, the circuit court addressed each of the seven grounds. It is from that order that petitioner appeals.[1]

In her petition for appeal, petitioner asserts seven assignments of error: (1) prejudicial statements of the prosecutor, (2) counsel for co-defendant referring to evidence in closing not admitted into evidence, (3) refusal to grant a continuance, (4) insufficient evidence, (5) constitutional error in evidentiary rulings, (6) the court erred when it did not bifurcate sentencing

---

[1]The "Order Dismissing Petitioner's Petition for Writ of Habeas Corpus" was entered on or about September 21, 2011. The circuit court then entered an "Agreed Order" on December 29, 2011, re-entering the denial of petitioner's habeas corpus petition for the purpose of restarting the appeal period.

to allow a separate mercy phase of the trial, and (7) the court violated petitioner's constitutional rights when it allowed an admittedly biased juror to remain on the jury.

After careful consideration, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner. None of the assignments of error raised by petitioner is proper in a habeas proceeding. "'A habeas corpus proceeding is not a substitute for a writ of error and ordinary trial error not involving constitutional violations will not be reviewed.' Syllabus Point 4 of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) Cert. Denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 3, *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

First, petitioner argues that the prosecutor made prejudicial statements to the jury impermissibly focusing on the actions and conduct occurring after the death of Ms. Brown. Petitioner states that the prosecutor described the actions of the defendants in cleaning the apartment and disposing of the body as "evil" and that she discussed the unearthing of the burned, decapitated, and dismembered body in an effort to inflame and anger the jury for the purpose of obtaining a conviction. This argument was asserted in petitioner's prior appeal to this Court, which was refused.

Similarly, petitioner's second assignment of error is based upon a closing statement by counsel for Mr. Cleveland that related to evidence that was not admitted into evidence during trial. During closing arguments, counsel for Mr. Cleveland stated that Nina Jefferson told Denise Steele that petitioner shot Ms. Brown. During the cross-examination of Donald Steele, Denise Steele's husband, he was not permitted to testify about that matter because the court found that it was hearsay. When the statement was made during closing arguments, both the prosecutor and counsel for petitioner objected. Shortly thereafter, the circuit court instructed the jury in its charge that "[n]othing said or done by the lawyers who have tried this case is to be considered by you as evidence of any fact." The circuit court further instructed the jury that its "verdict shall not be based upon the statements made to you by the lawyers at the opening of the trial or upon their closing arguments." This argument was asserted in petitioner's prior appeal to this Court, which was refused.

The third assignment of error is the circuit court's refusal to grant petitioner's motion for a continuance in April of 2007. Petitioner contends that the State did not provide her counsel with notice of its witness, Donald Steele, and/or his video statement made on December 8, 2006, until April 7, 2007, less than two weeks before the pre-trial hearing. As a result, petitioner claims that her counsel did not have adequate time to investigate Mr. Steele or the implication of his statements. This argument was asserted in petitioner's prior appeal to this Court, which was refused.

Petitioner's fourth assignment of error challenges the sufficiency of the evidence. Petitioner argues that the State provided no credible evidence that petitioner killed the victim. Petitioner disputes the credibility of a letter that was introduced through a male inmate, Warren Blake. Mr. Blake was incarcerated with petitioner's brother, Richard Coleman. Mr. Blake was Mr. Coleman's cellmate at the time Mr. Coleman received an October 6, 2006, letter from petitioner. Mr. Blake purportedly copied that letter in his own handwriting, and the letter written

3

in Mr. Blake's handwriting was introduced into evidence at trial. Petitioner contends that he copied the letter incorrectly, and it is undisputed that the original letter was not produced at trial. This argument was asserted in petitioner's prior appeal to this Court, which was refused.

The fifth assignment of error is comprised of the alleged constitutional errors in the evidentiary rulings by the circuit court. Although petitioner couches these alleged errors as constitutional errors, the alleged errors set forth do not rise to the level of violations of constitutional rights. The fifth assignment of error is also intertwined with the fourth assignment of error in that it focuses on the letter that was copied by Mr. Blake in his own handwriting. Petitioner argues that after obtaining the letter from Mr. Blake, the State failed to obtain the original letter, despite Mr. Blake faxing other letters to the State while incarcerated. Petitioner is also critical of the circuit court's decisions at trial allowing pictures of the victim's body and the admission of statements as to the condition of the body, as such actions took place after the death of the victim. She argues that the circuit court erred by denying petitioner's motion to suppress evidence seized from her apartment due to issues related to the search warrant. In this assignment, she also argues that the circuit court erred in not allowing her brother, Mr. Coleman, to comment on the meaning of the October 6, 2006, letter. These arguments were asserted in petitioner's prior appeal to this Court, which was refused.

The sixth assignment of error is the circuit court's denial of petitioner's motion to bifurcate to allow a separate mercy phase of the trial. Petitioner requested a bifurcated trial based on the fact that petitioner had several witnesses that she did not intend to offer in her case in chief that would be helpful in regard to the question of mercy. She claims that some of those witnesses would have discussed the control Mr. Cleveland had over petitioner. She argues that control did not support her theory of the case during the guilt portion of the trial but would have been helpful on the question of mercy. This argument was asserted in petitioner's prior appeal to this Court, which was refused.

Petitioner's seventh assignment of error is that her constitutional rights were violated when the circuit court allowed an admittedly biased juror on the jury. While petitioner attempts to make the jury selection issue a constitutional one, her categorization is incorrect. She claims that one of the jurors, Courtney Nicholas, stated she believed she should be removed from the case because she was intimately familiar with the case through a close friend. Nevertheless, Ms. Nicholas informed the circuit court that she thought she could decide the case based on the evidence presented at trial. In this instance, counsel did not move to strike Ms. Nicholas from the jury, so the circuit court was not confronted with a challenge for cause. "We have held that '[t]he right of challenge, where it exists must be exercised [timely], and if not so exercised, the objection is unavailing to set aside the verdict." *State v. Tommy Y., Jr.*, 219 W.Va. 530, 539, 637 S.E.2d 628, 637 (2006) (*quoting State v. Hayes*, 109 W.Va. 296, 303, 153 S.E. 496, 499 (1930) (internal quotations and citation omitted)).

None of these alleged errors involve constitutional violations reviewable in a habeas corpus proceeding.

This Court has looked at the trial error alleged by appellant to have been committed by the trial court, and, in particular, this Court has looked at the appellant's claims that the trial court erred in allowing certain jurors to remain on

4

the panel and that the prosecutor engaged in prosecutorial misconduct by making allegedly improper remarks. The court does not believe that those errors even if supported by the record would implicate the appellant's constitutional rights in such a manner as to be reviewable on habeas corpus or that they establish manifest injustice.

*State ex rel. Wimmer v. Trent*, 199 W.Va. 644, 648, 487 S.E.2d 302, 306 (1997) (per curiam). The alleged improper statements made by the prosecutor and counsel for the co-defendant fall squarely within the parameters of *Wimmer*, as not implicating constitutional rights. The same is true for Ms. Nicholas's service on the jury. With regard to bifurcation, we have found that a unitary trial procedure is constitutional. *See* Syl. Pt. 2, *State ex rel. Leach v. Hamilton*, 280 S.E.2d 62 (W.Va. 1980). Pre-trial and evidentiary rulings fall within the gambit of ordinary trial error. Even if the record supports such allegations, these alleged errors do not constitute constitutional violations in this matter. Finally, petitioner's argument that the evidence was insufficient to support her conviction is a trial error that is proper only on direct appeal. Therefore, we decline to address these assignments of error in this proceeding.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

5