# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Phillip Reese Bush,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0201** (Ohio County 16-C-8)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Phillip Reese Bush, pro se, appeals the February 3, 2016, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's last habeas proceeding was in *Ballard v. Bush*, No. 13-0240, at 11 (W.Va. Supreme Court, April 23, 2014) (memorandum decision), *cert. denied*, __ U.S. __, 135 S.Ct. 243, 190 L.Ed.2d 182 (2014), in which this Court reversed an order granting habeas relief and reinstated petitioner's 1983 convictions on two counts of first degree murder.[1] In *Bush*, this Court gave the following recitation of the facts of the case:

> The evidence presented by the State in the 1983 trial revealed that Charles Dale Goff was a bail bondsman who knew [petitioner] from prior business transactions. [Petitioner] became upset with Goff and vowed revenge when Goff was unable to secure his release from incarceration in Ohio. Soon after his release

---

[1]In *Bush*, the issue presented was whether the instructions given at trial pertaining to felony murder deprived petitioner of due process of law. *Id.* at 1.

1

through another bondsman, [petitioner] spoke with Goff by telephone, and Goff, hoping to purchase some gold coins, drove with Kathleen Jane Williams on the night of September 18, 1982, to Evergreen Cemetery in Fairmont, Marion County. The cemetery was described as a remote, wooded area.

The next day, September 19, [1982,] Goff's automobile was discovered parked in the cemetery. Inside the automobile were the bodies of Goff and Williams. Goff had been shot twice, and Williams had been shot four times. According to the State, Goff was robbed, and Williams was sexually assaulted. Goff's gold ring with an inset diamond and his gold watch with diamonds were subsequently traced to [petitioner]. A gold, four-leaf clover necklace with diamonds that belonged to Williams was missing. Williams was found in the automobile and was partially clothed. . . . .

*Id.* at 2.

Shortly after the discovery of the victims' bodies, the Marion County Grand Jury indicted petitioner on two counts of first degree murder. Each count of the indictment alleged that the crimes occurred "in the County of Marion." On March 10, 1983, the Circuit Court of Marion County granted petitioner's motion to transfer the case out of that county because of extensive pretrial publicity. The Marion County court transferred "the indictment and proceedings in this criminal action" to the Circuit Court of Ohio County.

Petitioner's trial began in Ohio County on March 21, 1983. The State's theory was that petitioner murdered Mr. Goff and Ms. Williams in the commission of, or attempt to commit, robbery and/or first degree sexual assault. The jury heard testimony that the bodies of both victims were found inside Mr. Goff's automobile at Evergreen Cemetery, which is located in "Marion County, West Virginia." The jury further heard testimony that Mr. Goff was likely murdered outside of his automobile and then placed back into it, and that grass clippings were found on Ms. Williams' body and clothing. The caretaker at Evergreen Cemetery testified that the grass was being cut at the cemetery during the weekend of September 18, 1982. The caretaker further testified that, on September 19, 1982, the day on which Mr. Goff's automobile was discovered, the grass was being cut in the vicinity of the automobile "that day." Following trial, as reflected on the verdict form, the jury convicted petitioner of two counts of felony murder "as charged . . . in the indictment." Petitioner was sentenced to two consecutive life terms of incarceration.

In the instant habeas petition, filed on January 13, 2016, in the Circuit Court of Ohio County, petitioner alleged that both his trial and habeas attorneys failed to argue that Marion County, where petitioner was indicted, was never the proper venue for the case because the State failed to prove that the murders occurred in that county. By order entered February 3, 2016, the circuit court found that the doctrine of res judicata barred petitioner from alleging that the State failed to prove that the murders occurred in Marion County based on "the extensiveness of previous [habeas] proceedings." *See Bush*, at 7 (noting that, with regard to first habeas petition, petitioner received habeas corpus hearing pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)).

2

Petitioner now appeals the circuit court's February 3, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

In syllabus point four of *Losh*, we held that a prior habeas proceeding is res judicata as to all matters raised and as to all matters known, or, with reasonable diligence, could have been known, but that a habeas petitioner "may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" 166 W.Va. at 762-63, 277 S.E.2d at 608.[2] Claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

On appeal, petitioner alleges that the lack of venue in Marion County was so apparent on the face of the record that his habeas attorney must have been incompetent not to have raised the issue in prior proceedings.[3] Respondent counters that the record shows that the failure to raise the venue issue was not ineffective assistance. We agree with respondent and find that the record reflects that the State met its burden of establishing venue in Marion County by showing that it was more likely than not that the murders were committed in that county.

---

[2]While petitioner alleges that his trial attorney was also ineffective in failing to argue that Marion County was never the proper venue for his criminal case, given that petitioner has had a prior habeas proceeding pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), the instant habeas proceeding can proceed only if petitioner has a viable claim that his habeas attorney was ineffective in failing to raise the issue.

[3]Petitioner also alleges that the State committed misconduct in failing to concede at trial that there was a lack of venue in Marion County. Respondent counters that we should decline to address the issue of prosecutorial misconduct because it was not raised before the circuit court. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance"). However, given that venue in a criminal case encompasses a jurisdictional component, *see State v. Burton*, 163 W. Va. 40, 59, 254 S.E.2d 129, 141 (1979), we choose to address all issues. We find no merit in petitioner's allegation of misconduct because we find that the State proved that it was more likely than not that venue existed in Marion County. *See infra.*

Article III, section 14 of the West Virginia Constitution provides that criminal proceedings "shall be . . . in the county where the alleged offence was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county."[4] In syllabus point five of *State v. Burton*, 163 W. Va. 40, 254 S.E.2d 129 (1979), we held that "[t]he State in a criminal case may prove the venue of the crime by a preponderance of the evidence, and is not required to prove the same beyond a reasonable doubt." *See also* Syl. Pt. 4, *State v. Tommy Y., Jr.*, 219 W.Va. 530, 637 S.E.2d 628 (2006).[5] It is likewise well-established that "venue can be established by circumstantial evidence." *Burton*, 163 W.Va. at 58, 254 S.E.2d at 140.

We find that the record contains ample evidence that the murders were committed in Marion County. As we stated in *Bush*, following a phone call with petitioner, Mr. Goff and Ms. Williams drove to Evergreen Cemetery on the night of September 18, 1982. *See Bush*, at 2.[6] Witnesses testified at trial that the bodies of both victims were found inside Mr. Goff's automobile at the cemetery, which is located in "Marion County, West Virginia."

Petitioner attempts to counter this evidence by solely focusing on the murder of Mr. Goff. First, petitioner alleges that Mr. Goff could have been murdered at a location other than the cemetery based on testimony that Mr. Goff was likely murdered outside of his automobile and then placed back into it. Second, petitioner points out that, unlike the body of Ms. Williams, Mr. Goff's body had no grass clippings on it despite the fact that the grass was being cut at Evergreen Cemetery that weekend. We find that, while these points were brought out at trial, the State needed to establish only that it was more likely than not that the murders occurred in Marion County. *See Jackson v. State Farm Mut. Auto. Ins. Co.*, 215 W.Va. 634, 640, 600 S.E.2d 346, 352 (2004) (stating that generally accepted meaning of preponderance of evidence is "more likely than not"). Therefore, we find that the record was sufficient for the State to have satisfied its burden of proving that the venue of the crimes was in Marion County. Accordingly, we reject petitioner's contention that the lack of venue was so apparent on the face of the record that his habeas attorney

---

[4]Petitioner's motion to transfer the case from Marion County to Ohio County because of extensive pretrial publicity was granted. However, respondent does not dispute that the State still had to prove at trial that there was venue in Marion County because it was the location where the murders occurred. *See* Syl. Pt. 4, *State v. Tommy Y., Jr.*, 219 W.Va. 530, 637 S.E.2d 628 (2006) (holding that, while a defendant may waive venue as an issue prior to trial, such waiver "does not . . . relieve the State of its burden of proving venue at trial in every case by a preponderance of the evidence"); *see also State v. Burton*, 163 W. Va. 40, 59, 254 S.E.2d 129, 141 (1979) (stating that venue is a necessary *jurisdictional* element to sustain a criminal conviction).

[5]In *Burton*, we found that proof beyond a reasonable doubt is not required because "venue has no bearing on the guilt or innocence of the accused as far as the commission of the crime is concerned." 163 W. Va. at 59, 254 S.E.2d at 141.

[6]We note that, pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure, our memorandum decision in *Bush* constitutes a decision on the merits.

must have been incompetent not to have raised the issue. We conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition pursuant to syllabus point four of *Losh*.

For the foregoing reasons, we affirm the circuit court's February 3, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   January 20, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker