# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**April 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 11-1416** (Preston County 10-F-9)

**Charles Richard Lamar Jr.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Charles Richard Lamar Jr., by counsel Kevin T. Tipton, appeals the Circuit Court of Preston County's "Order Denying Defendant's Motion for Judgment of Acquittal or a New Trial," entered on February 22, 2011. Petitioner was convicted by a jury of one count of first degree sexual abuse and one count of sexual abuse by a guardian, custodian, or person in a position of trust. The State, by its counsel Laura Young, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the spring of 2009, petitioner Charles Richard Lamar Jr., allegedly touched C.M.'s[1] vagina on two occasions while she was seated on petitioner's lap in a chair in her home. C.M.'s parents were not home at the time. C.M. was nine-years-old; petitioner was in his early twenties. Petitioner is C.M.'s brother-in-law.

On March 2, 2010, petitioner was indicted on two counts of first degree sexual assault and two counts of sexual abuse by a guardian, custodian, or person in a position of trust.

The State and C.M.'s court-appointed guardian ad litem ("GAL"), Cheryl Warman, filed a joint motion asking that C.M. be allowed to testify outside the witness box because it was located just a few feet from the defendant's seat in the courtroom. The motion stated that C.M., who had received counseling for petitioner's alleged crimes, would find it difficult to testify in close proximity to petitioner. The State asked that C.M. be allowed to testify from a chair placed to the left of the jury box, and to allow C.M.'s GAL to sit near C.M. when she testified. Petitioner objected. By order entered December 28, 2010, the trial court granted the joint motion and cautioned the GAL that she would not be able to speak to C.M. while she testified.

---

[1] In keeping with the Court's policy of protecting the identity of minors and the victims of sexual crimes, C.M. will be referred to by her initials.

1

Following petitioner's January 18-19, 2010, trial, the jury found petitioner guilty of one count of first degree sexual abuse in violation of West Virginia Code § 61-8B-7 (2010), and one count of sexual abuse by a guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5 (2010).

By order entered February 22, 2011, the trial court denied petitioner's post-trial motions for a judgment of acquittal or a new trial.

By order entered on October 11, 2011, the circuit court sentenced petitioner to not less than five nor more than twenty-five years in prison for first degree sexual abuse and not less than ten nor more than twenty years in prison for sexual assault by a custodian. The sentences were ordered to run consecutively.

On appeal, petitioner first argues that the State presented insufficient evidence to convict him of sexual abuse by a parent, guardian, or custodian because the State failed to prove beyond a reasonable doubt that petitioner was acting as C.M.'s custodian or babysitter at the time of the alleged abuse.

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011). We have also stated that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011). Having applied these standards to the evidence at trial as set forth in the record on appeal, and having considered the parties' arguments in this regard, we find that a jury could have found sufficient evidence to support petitioner's convictions. At trial, C.M., C.M's mother, C.M.'s younger sister, and C.M.'s

older sister all testified that petitioner had babysat C.M. on at least one occasion. Moreover, petitioner admitted to having babysat C.M. on one occasion. The determination of whether a babysitter was acting as a custodian under West Virginia Code § 61-8D-5 is a question for the jury. In the instant case, the jury was given an instruction regarding West Virginia Code § 61-8D-5 to which petitioner did not object. The jury then found petitioner guilty as charged.

Petitioner next argues that the circuit court erred by allowing the victim to testify outside of the witness box and by allowing the victim's guardian ad litem to sit within four feet of the victim while she testified. Petitioner contends that he was prejudiced by this seating arrangement and that the prejudice outweighed any difficulty C.M. might have faced by testifying in close proximity to petitioner. Petitioner also argues that allowing C.M. to testify outside the witness box unfairly bolstered her testimony and magnified it beyond that of the other witnesses.

Petitioner presents no law or fact showing that the testimony of a child victim is bolstered when the child victim testifies in a location other than the witness box. Therefore, his claims of prejudice are merely speculative. In the courtroom where the case at bar was tried, the witness box is located between the State's table and the Defense's table. C.M.'s therapist believed that C.M. might be traumatized by testifying in such close proximity to petitioner. Rule 611(a) of the Rules of Evidence provides that a trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Furthermore, it is not unusual for a witness to step outside of a witness box to highlight something on an exhibit or to testify outside a witness box if the witness's physical condition requires. Thus, we find that the trial court did not err in allowing C.M. to testify outside the witness box.

Petitioner's final argument is that the trial court erred by not striking for cause Juror No. 17 who admitted during voir dire that she had been a victim of sexual abuse at the age of eight or nine. Petitioner argues that he was thereby wrongfully forced to use one of his preemptory strikes to remove Juror No. 17 from the jury.

The record on appeal reveals that petitioner failed to ask the trial court to strike Juror No. 17 for cause. Therefore, petitioner waived his right to raise the issue on appeal. "When a defendant has knowledge of grounds or reason for a challenge for cause, but fails to challenge a prospective juror for cause or fails to timely assert such a challenge prior to the jury being sworn, the defendant may not raise the issue of a trial court's failure to strike the juror for cause on direct appeal." Syl. Pt. 5, *State v. Tommy Y.*, Jr., 219 W.Va. 530, 637 S.E.2d 628 (2006). Importantly, on voir dire, Juror No. 17 stated strongly and unequivocally that her prior sexual abuse would not affect her impartiality.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II