# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dale Shoop,**
**Petitioner Below, Petitioner**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-1313** (Morgan County 10-P-41)

**David Ballard, Warden**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dale Shoop, by counsel Christopher J. Prezioso, appeals the November 22, 2013, order of the Circuit Court of Morgan County dismissing of his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Laura Young, filed his response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in 2007 on one count of sexual assault in the first degree, and a preliminary hearing was held in the Magistrate Court of Morgan County on August 8, 2007.[1] Pretrial hearings were held on December 19, 2007, and January 22, 2008. A jury trial was held on January 23 and 24, 2008, and petitioner was convicted of sexual assault in the first degree. On April 7, 2008, petitioner was sentenced to an indeterminate term of incarceration of twenty-five to one hundred years. Petitioner appealed the jury's verdict in Appeal No. 091642, and that appeal was refused by this Court by order entered on January 14, 2010.

On April 6, 2012, petitioner filed a petition for writ of habeas corpus seeking to have his conviction and sentence set aside. The State filed a response and a supplemental response, and the circuit court determined that an evidentiary hearing was unnecessary. On November 22, 2013, the Circuit Court of Morgan County entered a final order denying that petition and denying the requested relief. Petitioner appeals from that order.

After careful consideration, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner. We apply the following standard of review in habeas cases:

---

[1] Prior to this arrest, petitioner was a registered sex offender.

1

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, "'[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.' Syllabus Point 4 of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) Cert. Denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 3, *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

On appeal, petitioner sets forth seven assignments of error. First, he contends that the circuit court abused its discretion by summarily dismissing his petition for writ of habeas corpus without conducting an evidentiary hearing. He argues that the contents of the petition prove there was probable cause to believe that petitioner was entitled to relief. He, therefore, asserts that he was entitled to an evidentiary hearing pursuant to West Virginia Code § 53-4A-7(a). That statute provides that

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto . . . or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought. If it appears to the court from said petition, affidavits, exhibits, records, and other documentary evidence attached thereto, . . . or any such record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall promptly hold a hearing and/or take evidence . . . .

*Id.* As we previously found,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)."

Syl. Pt. 2, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). In its order, the circuit court stated that it was "satisfied based on the pleadings and exhibits that the Petitioner is entitled to no relief . . . ." Because we find that the circuit court adequately addressed each of the grounds petitioner asserted for habeas corpus relief, we find no error in the circuit court's order

denying petitioner an evidentiary hearing.

Petitioner's second assignment of error is that the circuit court abused its discretion by denying the requested relief on his claim of ineffective assistance of counsel. At trial, petitioner was represented by court-appointed counsel, B. Craig Mansford. Petitioner complains that Mr. Mansford advised petitioner that he could receive fifteen to thirty-five years of incarceration if convicted of the crimes charged. However, at the pretrial conference, petitioner claims he learned that the penalty, if convicted, was actually twenty-five years to life incarceration. Petitioner also contends that his trial counsel was ineffective because he agreed to stipulate that the panties found in petitioner's residence belonged to the eleven-year-old victim. Further, he argues that Mr. Mansford provided ineffective assistance because he failed to submit portions of the victim's preliminary hearing testimony as an exhibit at trial. According to petitioner, during trial the most significant subject of cross-examination and re-direct of the victim was the fact that the victim had testified at the preliminary hearing that petitioner touched her buttocks but had not penetrated her anus. Petitioner contends that this subject was very important because the trial court properly instructed the jury that if petitioner only made sexual contact with the victim, rather than sexual intrusion, then the jury would have to find him guilty of the lesser included offense of sexual abuse in the first degree, which carries a sentence of five to twenty-five years. He also contends that Mr. Mansford provided ineffective assistance because Mr. Mansford mistakenly advised petitioner not to testify on his own behalf when petitioner's testimony was necessary to obtain an acquittal of the charges or to cause petitioner to be convicted of the lesser included offense of sexual abuse in the first degree. Finally, petitioner argues that he received ineffective assistance of counsel because Mr. Mansford failed to subpoena and secure witnesses that petitioner requested appear at trial.

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.C.t. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Watson*, 200 W.Va. at 202, 488 S.E.2d at 477. Further, when reviewing counsel's performance, courts must determine whether "the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." Syl. Pt. 6, in part, *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117. Based upon the record before this Court, we find that petitioner has failed to satisfy his burden to establish ineffective assistance of counsel.

With regard to the potential sentence if convicted of the crime charged, petitioner stated at the pretrial hearing that he had been laboring under a misapprehension as to the sentence. However, petitioner declined to take additional time offered by the trial court to decide whether to go forward. He indicated at that time that he did not want to plead guilty to a crime he did not commit. The only plea offer contained in the record was an offer by the State for petitioner to plead guilty to the indicted offense with the State's concession that it would not file a recidivist

3

information against petitioner. Therefore, even if petitioner received incorrect information regarding the sentence, it did not change the result of the case.

In regard to petitioner's decision not to testify at trial, the trial court specifically addressed this decision with petitioner, who twice informed the trial court that he understood that decision was his alone. Thus, petitioner failed to allege facts that would meet either prong of the two-prong standard. Additionally, the decision to stipulate that the victim's panties were found in petitioner's dirty laundry appears to be a strategic decision by trial counsel. Angela Gill from the West Virginia State Police crime lab testified that the underwear contained the victim's DNA, and petitioner does not appear to dispute that the panties were found in his residence. In addition, the stipulation avoided the need to ask the victim to identify her panties in front of the jury.

Finally, with respect to petitioner's contention that his counsel was ineffective because he failed to admit the preliminary hearing transcript into evidence at trial, this Court finds that petitioner has failed to satisfy his burden. The preliminary hearing transcript includes arguments of counsel and testimony of the investigating officer that were not relevant and could have harmed petitioner's defense. At trial, the victim was asked by Mr. Mansford about the differences between her preliminary hearing testimony and her trial testimony. He specifically questioned her about the fact that at the preliminary hearing, she stated that petitioner had touched her anus. In addition to the fact that counsel questioned the victim about the alleged discrepancies, there were strategic reasons not to admit the preliminary hearing transcript into evidence, as the victim was questioned about the ways petitioner touched her. Because the jury heard testimony related to the victim's preliminary hearing testimony, petitioner has not shown that the result of the trial would have been different if the transcript had been admitted. For these reasons, we find that the circuit court did not abuse its discretion in denying the requested relief on this ground.

Petitioner's third assignment of error is that the circuit court abused its discretion by denying the requested relief, as the State failed to present sufficient evidence to sustain a conviction. Petitioner argues that the circuit court order did not set forth findings of fact or provide any legal analysis. He argues generally that there was insufficient evidence to convict him under the clear language of West Virginia Code § 61-8B-1(8). Further, he contends that the evidence to establish his innocence was not placed before the jury due to the ineffective assistance of counsel. "'[E]xcept in extraordinary circumstances, on a petition for habeas corpus, an appellate court is not entitled to review the sufficiency of the evidence.' *Cannellas v. McKenzie*, 160 W.Va. 431, 436, 236 S.E.2d 327, 331 (1977)." *McBride v. Lavigne*, 230 W.Va. 291, 300, 737 S.E.2d 560, 569 (2012). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record

4

contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 663, 461 S.E.2d 163, 169 (1995). As set forth above, we find that petitioner did not receive ineffective assistance of counsel sufficient to justify reversal of the circuit court's order denying his petition for habeas corpus relief. Based on the record before this Court, we find that this case does not fall within the extraordinary circumstance where this Court will review a sufficiency of evidence claim in a habeas corpus proceeding. Therefore, we decline to otherwise address this contention.

Petitioner's fourth assignment of error is that the circuit court committed reversible error by denying the requested relief, as the trial court allowed improper Rule 404(b) evidence to be admitted at trial over petitioner's objection. Petitioner contends that during the January 22, 2008, hearing regarding the proposed Rule 404(b) evidence, the testimony of Officer James Kapara of the Johnstown Police Department was improperly admitted at trial. Officer Kapara testified about petitioner's prior convictions for indecent assault in order to show both a lustful disposition and modus operandi. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). Based upon petitioner's assignment of error and related arguments, we find that this alleged error does not rise to the level of a constitutional error. Therefore, it will not be considered in this habeas corpus appeal.

Petitioner's fifth assignment of error is that the circuit court abused its discretion by denying the requested relief, as the State intentionally withheld or destroyed potentially exculpatory evidence. The investigating officer's report of the criminal investigation sets forth a list of potential exhibits to be entered at trial, including item ten: "Five (5) Original Drawings as utilized by the CPS worker during the video-taped interview of the victim on July 23, 2007." Petitioner asserts that the drawings were never made available to petitioner, and that they may have contained exculpatory evidence that could have been used as part of petitioner's defense. He also contends that if the State intentionally withheld or destroyed the drawings, the same requires that petitioner's conviction be reversed. The habeas court below found that the documents from the CPS worker were provided in supplemental discovery and placed in the court file on December 19, 2007. The habeas court also found that the contention could have been raised on direct appeal but was not, so it was waived. "We have held that '[t]he right of challenge, where it exists must be exercised [timely], and if not so exercised, the objection is unavailing to set aside the verdict." *State v. Tommy Y., Jr.*, 219 W.Va. 530, 539, 637 S.E.2d 628, 637 (2006) (quoting *State v. Hayes*, 109 W.Va. 296, 303, 153 S.E. 496, 499 (1930) (internal quotations and citation omitted)). We, likewise, find that petitioner waived this alleged error that should have been raised, if at all, in a direct appeal. Thus, we will not address the merits of this assignment of error in the habeas proceeding.

Petitioner's sixth assignment of error is that the circuit court abused its discretion by denying the requested relief, as the State engaged in intentional bad acts during the trial by making improper communications to the jury. Petitioner argues that the manner in which the assistant prosecuting attorney and the arresting officer escorted the victim into the courtroom

5

"depicted them as her bodyguards" and "implied that they needed to protect her from petitioner." Petitioner contends that his attorney approached the bench and entered an objection to the same but that the objection is not contained in the trial transcript. According to the State, the procedure for bringing the child victim into the courtroom was discussed prior to trial, and it was agreed that the victim was going to walk through the back door. Petitioner's trial counsel did not object to this plan. The trial transcript does not reflect how the child was brought into the courtroom and does not contain any reference to petitioner's trial counsel approaching the bench. While there does not appear to be anything in the record to support petitioner's claim, even if the claimed escort and lodging of an objection is accurate, this alleged escort does not rise to the level of a constitutional violation. In addition, it appears that petitioner failed to assert this ground in his direct appeal to this Court, so the same is waived.

Petitioner's seventh and final assignment of error is that the circuit court abused its discretion by denying the requested relief because petitioner's sentence violates the Eighth Amendment to the United States Constitution. He asserts that his sentence of twenty-five years to life incarceration is a violation of his constitutional right to be free from an excessive, cruel, and unjust sentence. He points out that because the victim was under the age of twelve, his sentence was enhanced. However, he concedes that his sentence is within statutory limits. "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). We, therefore, conclude that petitioner's sentence is not subject to our review because the sentence imposed is within the statutory limit and petitioner has not identified any impermissible factor upon which the sentence is based. For these reasons, we find that the circuit court did not err in denying the requested relief on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6